TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00046-CR






Bryant Keith Johnson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 97-969-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







A jury found appellant Bryant Keith Johnson guilty of possessing a prohibited
short-barrel firearm. See Tex. Penal Code Ann. § 46.05(a)(3) (West 1994). The jury assessed
punishment, enhanced by two previous felony convictions, at imprisonment for thirty years. After
knowingly and voluntarily waiving counsel on appeal, appellant filed a pro se brief raising nine
points of error. We will overrule each point and affirm the conviction.

Department of Public Safety officer Ron Cunningham and other officers went to
appellant's residence in Taylor to execute two warrants for his arrest. They were admitted into
the apartment by Alveria Haynes Cleveland, who was then living with appellant. While searching
the apartment for appellant, the officers found the sawed-off shotgun that is the basis for this
prosecution. Appellant does not challenge the sufficiency of the evidence to sustain the jury's
verdict.

In his first point of error, appellant contends the district court erred by overruling
his motion to suppress the shotgun. Appellant's second point is related to the first, and urges that
the district court displayed bias against him by overruling the motion to suppress on a basis not
advanced by the State. The motion to suppress was heard and overruled at a pretrial hearing. 
When the State later offered the shotgun in evidence during Cunningham's trial testimony,
appellant stated that he had no objection. This waived any error with respect to the overruling
of the motion to suppress. See James v. State, 772 S.W.2d 84, 97 (Tex. Crim. App. 1989). We
add that we find no evidence of judicial bias in this record. Points of error one and two are
overruled.

Austin police officer Ralph Tijerina, a member of the department's gang
suppression unit, was questioned by the State regarding various markings on the shotgun. Tijerina
testified that the markings were gang symbols and briefly explained each to the jury. In his third
point of error, appellant contends this testimony was inadmissible hearsay. While appellant
vigorously objected to the officer's testimony, he did not object on hearsay grounds. Thus, the
contention raised was not preserved for review. See Tex. R. App. P. 33.1(a). Point of error
three is overruled.

After he described the markings on the shotgun, Tijerina was asked a few general
questions about the "Crips" and the "Bloods," their colors, and their origins. The court
interrupted and called the lawyers to the bench. The court told the prosecutor that his questioning
was becoming "a seminar on gang activity" and suggested that he move to another subject. 
Appellant then asked the court to instruct the jury to disregard "any testimony at which point you
felt that it was improper or irrelevant or inflammatory." The court denied this request, stating
that the questions asked to that point had been relevant. Appellant requested no further relief. 
Appellant's fourth point of error, complaining of the denial of the instruction to disregard, is
overruled.

Appellant next contends the court erred by permitting the prosecutor to cross-examine Cleveland regarding marihuana found by the officers under the bed where they found the
shotgun. Appellant contends the State was thereby allowed to indirectly suggest an inadmissible
extraneous offense without actually offering proof. Our examination of the record discloses,
however, that appellant had earlier asked Officer Cunningham if marihuana was found under the
bed. The officer answered that it was. Appellant's contention that there was no factual basis for
the State's subsequent cross-examination of Cleveland is without merit. Point of error five is
overruled.

In points of error six and seven, appellant contends the prosecutor improperly
suppressed evidence that "the police conspired to arrest the Appellant using a faulty blue [parole
violator] warrant" and that "Cunningham was not aware of possession of marihuana warrant at
time of arrest." Cunningham testified at the suppression hearing that he had not seen the parole
violator warrant and acted on the basis of information received from the Department of Public
Safety and appellant's parole officer. Cunningham acknowledged during cross-examination at the
suppression hearing that he could not remember precisely when he learned of the marihuana
warrant. We find no support in the record for appellant's assertion that the State withheld
evidence of a conspiracy or any other evidence favorable to appellant. Points of error six and
seven are overruled.

The eighth point of error also alleges prosecutorial misconduct. Appellant contends
the State suppressed the fact that Cunningham wrote and forged appellant's signature to a written
statement introduced in evidence. In the statement, appellant says he was given the sawed-off
shotgun by a person named Marco Gattos. At trial, appellant testified that he did not make this
statement and denied that the handwriting and signature were his. The truth of appellant's
testimony was for the jury to determine. The record does not support appellant's contention that
the State knowingly introduced a forged confession. Point of error eight is overruled.

Finally, appellant contends he did not receive effective assistance of counsel at trial. 
Appellant bears the burden of showing that counsel made such serious errors that he was not
functioning effectively as counsel and that these errors prejudiced the appellant's defense to such
a degree that he was deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). Appellant must overcome a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Appellant alleges that his attorney failed to thoroughly investigate the facts of the
case or prepare a viable defense, failed to request the appointment of a handwriting expert to
examine the allegedly forged statement, failed to impeach Cunningham after the officer
"committed perjury on the stand," and failed to point out to the jury that the parole violator
warrant had been issued four years before it was executed. Most of these complaints are based,
directly or indirectly, on factual assertions that are not supported by the record. On this record,
appellant has not overcome the presumption that counsel's representation was competent. Point
of error nine is overruled.

The judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 30, 1999

Do Not Publish



ny at which point you
felt that it was improper or irrelevant or inflammatory." The court denied this request, stating
that the questions asked to that point had been relevant. Appellant requested no further relief. 
Appellant's fourth point of error, complaining of the denial of the instruction to disregard, is
overruled.

Appellant next contends the court erred by permitting the prosecutor to cross-examine Cleveland regarding marihuana found by the officers under the bed where they found the
shotgun. Appellant contends the State was thereby allowed to indirectly suggest an inadmissible
extraneous offense without actually offering proof. Our examination of the record discloses,
however, that appellant had earlier asked Officer Cunningham if marihuana was found under the
bed. The officer answered that